UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID WARD | CIVIL ACTION |
| VERSUS | NUMBER 08-744-JJB-DLD |
| SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, ET AL. | |

### MAGISTRATE JUDGE'S REPORT

Before the Court is plaintiff's motion to remand (rec. doc. 13), to which there is no opposition.  This action involves a multi-car collision that occurred on Interstate 10 in West Baton Rouge Parish, Louisiana, on or about, October 26, 2007.  Plaintiff filed his original petition on August 29, 2008, against Christopher Wilson, GTZ Trucking, and Carolina Casualty Company in the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.  Plaintiff amended his petition to add Southern County Mutual Insurance Company[1] (Southern) on October 15, 2008.  Southern filed a notice of removal on November 17, 2008, based on diversity jurisdiction, pursuant to 28 U.S.C. §1332.  Defendants Wilson, GTZ Trucking, and Carolina Casualty Company consented to the removal (rec. doc. 2).  Thereafter, defendant Southern twice amended its notice of removal to properly set forth the citizenship of the named defendants (rec. docs. 4 and 11).

The jurisdiction of the parties as alleged in the notices of removal is as follows: plaintiff is a citizen of Louisiana; Wilson is a citizen of Texas; GTZ Trucking is not a corporate entity; Carolina Casualty Insurance Company is incorporated in North Carolina

---

[1] Southern County Insurance Company was improperly named in the amended petition for damages as Hartford Casualty Insurance Company (rec. doc. 1).

and has its principal place of business in Florida; Southern is a foreign insurance company organized under the laws of Texas, with its principal place of business in Texas (rec. docs. 1, 4, 11). Thus, the parties were diverse at the time the notice of removal was filed. Based on subsequent discovery in the case, plaintiff filed an unopposed second amended petition for damages, which adds Mary Poirier and Safeway Insurance Company of Louisiana (rec. doc. 16). The second amended petition for damages alleges that Mary Poirier is a citizen of Louisiana.[2] Shortly after the second amended petition for damages was filed, plaintiff filed a motion to remand this matter based on the joinder of the non-diverse defendant, Mary Poirier (rec. doc. 13).

The joinder of the non-diverse defendant Mary Poirier destroys diversity in this matter. Under Fifth Circuit precedent, the post-removal joinder of a non-diverse defendant clearly destroys diversity jurisdiction, even if the new defendant is not indispensable. *See, e.g., Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). The court in *Cobb* recognized that plain language of 28 U.S.C. §1447(e) does not allow the district court to permit joinder of a non-diverse defendant but then decline to remand the case to state court. *Cobb*, 186 F.3d 677.

---

[2] The second amended petition for damages also alleges that Safeway Insurance Company of Louisiana is a domestic insurance company, authorized to do and doing business in Louisiana. Plaintiff has failed to properly identify the citizenship of defendant Safeway Insurance Company of Louisiana.

Thus, the Court recommends that this matter be remanded to the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, for further proceedings. Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion for remand (rec. doc. 13) should be **GRANTED** and that this matter should be remanded to the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on May 19, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID WARD** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 08-744-JJB-DLD** |
| **SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 19, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**